Filed 09/25/20  Johnson v. County of Orange CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRUDY JOHNSON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF ORANGE,<br><br>    Defendant and Respondent; | G058298<br><br>(Super. Ct. No. 30-2015-00780621)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.  Request for judicial notice denied.

Bisnar Chase and H. Gavin Long, for Plaintiff and Appellant.

Koeller, Nebeker, Carlson & Haluck and Scott A. Martin, for Defendant and Respondent.

\*          \*          \*

Plaintiff Trudy Johnson (plaintiff) was seriously injured by a dog bite and sued defendant County of Orange (the County). After plaintiff's opening statement, the trial court granted the County's oral motion for nonsuit based upon governmental immunity and entered a judgment of dismissal. Plaintiff appeals from that judgment.

We affirm based upon plaintiff's failure to identify an applicable statutory exception to the general rule of governmental immunity. We deny plaintiff's request for judicial notice because the subject document is not relevant to the issues remaining after certain concessions made by the parties.

## FACTS AND PROCEDURAL HISTORY

Because we are reviewing a judgment of nonsuit made after the plaintiff's opening argument, we assume the plaintiff can prove all the favorable facts presented in the opening statement. (*Galanek v. Wismar* (1999) 68 Cal.App.4th 1417, 1421 (*Galanek*).)

Plaintiff was attacked and bitten by a dog while jogging in the City of Placentia, suffering serious injury, including a broken arm. The dog belonged to Robert Stillwell, a homeless man living in the area. The dog had bitten two other people days earlier, and had been reported to the Anaheim Police Department and Orange County Animal Care.

Plaintiff sued Stillwell and the County, alleging one cause of action for strict liability against Stillwell and another for negligent performance of a ministerial duty against the County. The court later dismissed Stillwell, and plaintiff proceeded to trial against the County.

After plaintiff's opening statement, the County orally moved for nonsuit under Code of Civil Procedure section 581c, subdivision (a). The County argued it was immune from liability under Government Code section 815, and plaintiff had failed to identify a statute imposing a duty on the County. The trial court took the motion under submission and received written opposition from plaintiff.

2

In her opposition, plaintiff argued the County had "a mandatory operational duty" imposed by an enactment under Government Code section 815.6, because section 4-1-95 of the Orange County Code of Ordinances created a mandatory duty for the County's officers to perform certain investigative tasks. The trial court held a hearing and granted the nonsuit. Plaintiff timely appealed.

## DISCUSSION

"'The standard of review for a nonsuit after [the] conclusion of the opening statement is well settled. Both the trial court in its initial decision and the appellate court on review of that decision must accept all facts asserted in the opening statement as true and must indulge every legitimate inference which may be drawn from those facts. [Citations.] A nonsuit at this early stage of the proceedings is disfavored. [Citation.] It can only be upheld on appeal if, after accepting all the asserted facts as true and indulging every legitimate inference in favor of plaintiff, it can be said those facts and inferences lead inexorably to the conclusion plaintiff cannot establish an essential element of its cause of action or has inadvertently established incontrovertible proof of an affirmative defense. [Citations.]'" (*Galanek, supra*, 68 Cal.App.4th at p. 1424.)

In her opening brief, plaintiff expressly abandons the arguments she made in the trial court based upon Government Code section 815.6 and instead argues Government Code section 820.2 (section 820.2) does not apply. This argument misses the mark.

To overcome the general rule of governmental immunity arising from Government Code section 815, plaintiff had to identify a statute creating an exception to the general rule. (*Towery v. State of California* (2017) 14 Cal.App.5th 226, 231-232.) Section 820.2 does not create such an exception to the general rule of immunity. It creates a parallel but distinct immunity for government employees (not public entities themselves) under certain circumstances. Plus, the County withdrew its affirmative defense based upon section 820.2 before trial. Section 820.2 is irrelevant.

3

In her reply brief, for the first time, plaintiff argues Government Code section 815.2 provides the necessary statutory exception to the general rule of governmental immunity under Government Code section 815.  Plaintiff did not raise this argument in the trial court (orally or in plaintiff's written opposition to the nonsuit motion) or in her opening brief in this court.  We decline to consider arguments raised for the first time on appeal, and to consider arguments raised for the first time in the reply brief.  (*In re Campbell* (2017) 11 Cal.App.5th 742, 757 [rejecting arguments raised for the first time on appeal]; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295 [rejecting arguments raised for the first time in the reply brief].)

Accordingly, we affirm the judgment.  We also deny plaintiff's request for judicial notice.  The Orange County Animal Control's policy is irrelevant because plaintiff abandoned her contention that it creates a mandatory duty.

## DISPOSITION

The judgment is affirmed.  The request for judicial notice is denied.  The County shall recover its costs on appeal.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

4